LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

James Dean Gregg,                    )    No. CV 05-2813-PHX-DGC (VAM)
                                     )
            Plaintiff,               )    **ORDER**
                                     )
vs.                                  )
                                     )
Joseph Arpaio, et al.,               )
                                     )
            Defendants.              )
_____)

This is one of more than one thousand actions filed since September 2004 by Maricopa County Jail inmates.[1]  Plaintiff is presently incarcerated at the Lower Buckeye Jail in Phoenix, Arizona, though his action concerns conditions at the Durango Jail.  The Court will dismiss the action with leave to amend.

**A.      Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted.  Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  An initial partial filing fee of $41.00 (based on an average monthly deposit of $205.00) will be assessed by this Order.  28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's

---

[1]Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.).  No such fund exists.  The inmates in Hart asked for injunctive relief and not monetary damages.  The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

JDDL-K

trust account and forward it to the Clerk of Court.  Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies).  Plaintiff's Complaint

will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**C.   Complaint.**

Plaintiff's allegations regarding the conditions at the Durango Jail concern overcrowding, medical care and visitation.  He brings his complaint pursuant to "Hart vs. MCSO." (Compl. at 1.)  He has not, however, identified any constitutional right that was violated by the conditions at the jail.  Among the types of relief he seeks are "contempt measures" (Compl. at 7), apparently seeking to enforce alleged noncompliance with Hart v. Hill.

**D.   Failure to State a Claim.**

*1.   Enforcement of Hart v. Hill*

Plaintiff may not seek to enforce the Amended Judgment in Hart v. Hill, No. CIV 77-0479-PHX-EHC (MS) (D. Ariz.) in this action.  Jurisdiction to enforce the judgment is retained by the court which entered it.  Jeff D. v. Kempthorne, 365 F.3d 844, 853 (9th Cir. 2004).  A civil rights action is not the proper means by which to enforce the decree.  Cagle v. Sutherland, 334 F.3d 980, 986 (11th Cir. 2003); Klein v. Zavaras, 80 F.3d 432, 435 (10th Cir. 1996); DeGidio v. Pung, 920 F.2d 525, 534 (8th Cir.1990); Green v. McKaskle, 788 F.2d 1116, 1122-23 (5th Cir. 1986).  Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim for damages because such orders do not create "rights, privileges, or immunities secured by the Constitution and laws." Green, 788 F.3d at 1123-24.  Remedial decrees are the means by which unconstitutional conditions are corrected but they do not create or enlarge constitutional rights.   Id. at 1123.   Instead, Plaintiff's allegations must separately state a violation of a constitutional right.  At this juncture, Plaintiff's allegations do not state a claim for a constitutional violation because for each of his counts for relief, he has not identified the constitutional right that he believes was violated by the conditions at the jails. For this reason alone, his Complaint fails to state a claim.

1    *2. Failure to state a claim against the named defendants*

2         In addition, Plaintiff's allegations are not connected to any of the named

3    Defendants.  He sues Maricopa County Sheriff Joseph Arpaio, Durango Jail Commander

4    Captain Peterson, Maricopa County, and State of Arizona Governor Janet Napolitano.

5         a.    <u>Sheriff Arpaio and Captain Peterson</u>

6         Plaintiff alleges that Sheriff Arpaio is the "commander in chief, facilitator of the

7    rules" and that Captain Peterson is the "commander and facilitator of rules and

8    regulations" (Compl. at 2).  These allegations are insufficient to state a claim.  When a

9    person is sued in an official capacity, the real party in interest is the entity of which the

10   officer is an agent.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985) (quoting <u>Monell v.</u>

11   <u>New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 n.55 (1978)).  In their official

12   capacities, "[c]ounty officials can be held liable under § 1983 if they act as "lawmakers or

13   . . . those whose edicts or acts may fairly be said to represent official policy."  <u>Berry v.</u>

14   <u>Baca</u>, 379 F.3d 764, 767 (9th Cir. 2004) (quoting <u>Monell</u>, 436 U.S. at 694).  In this case, the

15   entity is Maricopa County.  Plaintiff must also show that an official municipal policy

16   caused him to suffer a constitutional tort.  <u>Berry</u>, 379 F.3d at 767.  The entity may also be

17   liable when its custom played a part in the violation of federal law.  <u>Kentucky</u>, 473 U.S. at

18   166.  Plaintiff has not alleged that an official policy or custom created or enforced by

19   Defendants Arpaio or Peterson caused him to suffer constitutional injury.

20        Regarding Defendant Arpaio and Peterson's liability in their individual capacities,

21   there are no allegations to show that either Defendant was personally involved in the

22   alleged constitutional violations.    Defendants may be liable only if "they play an

23   affirmative part in the alleged deprivation of constitutional rights."  <u>King v. Atiyeh</u>, 814

24   F.2d 565, 568 (9th Cir. 1987).  Defendant Arpaio is not liable simply because he is a chief

25   administrator, nor may Defendant Peterson be liable simply because he is an administrative

26   assistant.  There is no *respondeat superior* liability under § 1983, so a defendant's position

27   as the supervisor of a person who allegedly violated Plaintiff's constitutional rights does

28   not impose liability.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978); <u>Taylor v. List</u>, 880

1   F.2d 1040, 1045 (9th Cir. 1989).  "A supervisor is only liable for constitutional violations of

2   his subordinates if the supervisor participated in or directed the violations, or knew of the

3   violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  Plaintiff has not set

4   forth any facts to show that either Defendant is liable in his individual capacity.

5          b.   Maricopa County

6          Plaintiff also sues Maricopa County.  For a municipality to be liable, the action

7   alleged to be unconstitutional must implement a policy officially adopted by the

8   municipality.  Miranda v. City of Cornelius, 429 F.3d 858, 867 (9th Cir. 2005) (citing Scofield

9   v. City of Hillsborough, 862 F.2d 759, 765 (9th Cir. 1988)).  Plaintiff has not alleged that he

10  was constitutionally injured as a result of a county policy.  Consequently, he fails to state

11  a claim against Maricopa County.

12         c.   Governor Napolitano

13         Plaintiff's allegation that Governor Napolitano is the "overseer of the State of

14  Arizona" (Compl. at 2) also is not sufficient to state a claim.   Under the Eleventh

15  Amendment to the Constitution of the United States, a state may not be sued in federal

16  court without its consent.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89,

17  100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff therefore cannot

18  bring a suit for money damages against an official-capacity defendant but may only seek

19  prospective declaratory or injunctive relief.  Idaho v. Couer d'Alene Tribe, 521 U.S. 261, 269

20  (1997); Pennhurst, 465 U.S. at 102-106; Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836,

21  839 (9th Cir. 1997).  With respect to declaratory or injunctive relief, "[i]n making an officer

22  of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be

23  unconstitutional, it is plain that such officer must have some connection with the

24  enforcement of the act, or else it is merely making him a party as a representative of the

25  state, and thereby attempting to make the state a party."  Ex parte Young, 209 U.S. 123, 157

26  (1908).

27         Plaintiff has not alleged that Governor Napolitano has any connection with the

28  alleged unconstitutional acts in the county jails.  Indeed, under state law, the operation of

1   the county jail is a responsibility of the county sheriff.   See A.R.S. § 11-441(A)(5); A.R.S.

2   § 31-101.   Consequently, Plaintiff fails to state a claim against Governor Napolitano in her

3   official capacity.

4          Similarly, Plaintiff fails to allege any facts to show that the governor is liable in her

5   individual capacity.   Liability in a personal-capacity suit can be demonstrated by showing

6   that the official caused the alleged constitutional injury.   Kentucky, 473 U.S. at 165.   There

7   are no allegations to show that Governor Napolitano caused Plaintiff to suffer

8   constitutional injury.   "A plaintiff must allege facts, not simply conclusions, that show that

9   an individual was personally involved in the deprivation of his civil rights."   Barren v.

10   Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).   There are

11   no allegations to support individual liability against Governor Napolitano.

12   **E.      Leave to Amend.**

13          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

14   a claim upon which relief may be granted.   Plaintiff may amend his Complaint to cure the

15   deficiencies outlined above.   The Clerk of Court will be directed to provide Plaintiff with a

16   Court-approved form for filing a civil rights complaint.   Plaintiff is advised that the amended

17   complaint must be retyped or rewritten in its entirety on the court-approved form and may

18   not incorporate any part of the original Complaint by reference.   Any amended complaint

19   submitted by Plaintiff should be clearly designated as such on the face of the document.

20          Plaintiff is also reminded that in an Amended Complaint, he may only include one

21   claim per count.   The "one claim per count" rule is set forth in the form Complaint and

22   accompanying instructions, and is a requirement imposed by the local rules of this Court.

23   See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

24   form).

25          An amended complaint supersedes the original complaint.   Ferdik v. Bonzelet, 963

26   F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard

27   Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).   After amendment, the original pleading

28   is treated as nonexistent.   Ferdik, 963 F.2d at 1262.   Thus, causes of action alleged in an

1   original complaint which are not alleged in an amended complaint are waived. <u>King v.</u>
2   <u>Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

3   **F.      Address Changes.**

4          In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he
5   must file a notice of change of address if his address changes. Plaintiff is again reminded
6   that at all times during the pendency of this action, Plaintiff shall immediately advise the
7   Court of any change of address and its effective date. Such notice shall be captioned
8   "NOTICE OF CHANGE OF ADDRESS." Plaintiff shall serve a copy of the Notice of
9   Change of Address on all opposing parties. The notice shall contain only information
10  pertaining to the change of address and its effective date, and shall not include a motion
11  for other relief. Failure to timely file a notice of change of address may result in the
12  dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
13  of Civil Procedure.

14  **G.      Warning of Possible Dismissal.**

15         Plaintiff should take note that if he fails to timely comply with every provision of this
16  Order, this action will be dismissed without further notice. <u>See</u> <u>Ferdik</u>, 963 F.2d at 1260-
17  61(district court may dismiss action for failure to comply with any order of the Court).
18  Moreover, because the Complaint has been dismissed for failure to state a claim, if Plaintiff
19  fails to file an amended complaint correcting the deficiencies identified in this Order, the
20  dismissal of this action will count as a "strike" under the "three strikes" provision of the
21  Prison Litigation Reform Act. <u>See</u> 28 U.S.C. § 1915(g).

22  **IT IS THEREFORE ORDERED THAT:**

23         (1)   Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28
24  U.S.C. § 1915(a)(1).

25         (2)   Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
26  Plaintiff is assessed an initial partial filing fee of $41.00. All fees shall be collected and paid
27  in accordance with this Court's Order to the appropriate government agency filed
28  concurrently herewith.

1      (3)  The Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30**

2  **days** from the date this Order is filed to file an Amended Complaint in compliance with this

3  Order.

4      (4)   The Clerk of Court shall enter a judgment of dismissal of this action with

5  prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended

6  complaint within thirty (30) days of the date this Order is filed.  Upon entry of judgment,

7  the Clerk shall make an entry on the docket in this matter indicating that the dismissal of

8  this action falls within the purview of 28 U.S.C. § 1915(g).

9      (5)  The Clerk of Court is directed to provide to Plaintiff a current court-approved

10  form for filing a civil rights complaint by a prisoner.

11      DATED this 26th day of January, 2006.

12

13

14  _____

David G. Campbell
United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28